VERNON C. GOINS II (SBN 195461)
vgoins@goinslawfirm.com
LAW OFFICES OF VERNON C. GOINS
1970 Broadway, Suite 450
Oakland, CA 94612
Telephone:    (510) 663-3700
Facsimile:     (510) 663-3710

Attorneys for Plaintiff
ROBERT L. PORTER, JR.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA.

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT L. PORTER, JR., an individual, | No. |
| Plaintiff, | **PLAINTIFF ROBERT L. PORTER, JR.'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| vs. | |
| EBONEE A. ROUZEAU, an individual; and DOES 1-50, inclusive, | |
| Defendants. | |

COMES NOW Plaintiff ROBERT L. PORTER, JR., an individual, and complains and alleges against EBONEE A. ROUZEAU, an individual; and DOES 1-50, inclusive, and each of them (hereinafter collectively referred to as "Defendants"), as follows:

## **THE PARTIES**

1.  Plaintiff ROBERT L. PORTER, JR. ("Plaintiff") is, and at all relevant times mentioned herein was, an individual residing and domiciled in Alameda County, California.

2.  Plaintiff is informed and believes and thereon alleges that Defendant EBONEE A. ROUZEAU ("Defendant") is, and at all relevant times mentioned herein was, an individual

residing and domiciled in Houston, Texas.

3. The true names and capacities, whether individual, corporate or otherwise, of DOES 1 through 50 are, at this time, unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to reflect their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible in some manner for the events and injuries described herein and caused damages thereby to Plaintiff as alleged herein.

4. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, each and every defendant was the predecessor-in-interest, successor-in-interest, agent, counselor, employee, servant, partner, franchisee and/or joint venturer of each of its co-defendants, and in doing the actions hereinafter mentioned, was acting within the scope of its authority within such agency, employment, counseling, service, partnership, franchise and joint venture and with the permission and consent of each co-defendant.

5. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, all of the defendants acted in concert with the other defendants named in this Complaint in the wrongful and improper activities alleged and, therefore, are responsible for the damages as alleged by Plaintiff.

6. Plaintiff is further informed and believes, and thereon alleges, that, at all times mentioned herein, each defendant named in this Complaint was the agent and/or employee of each of the remaining defendants, and acted in concert for the purpose of injuring Plaintiff as alleged herein.

7. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, the Defendant has pursued a common course of conduct, acted in concert with, and conspired with each other, and have aided and abetted one another to accomplish the wrongs complained of herein.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties in this case are completely diverse and the matter in controversy exceeds, exclusive of

1    interest and costs, the sum of $75,000.

2    9.    This Court has subject matter jurisdiction over all causes of action asserted in
3    this Complaint pursuant to California Constitution, Article VI, § 10 and California Code of
4    Civil Procedure § 410.10, because this case is a cause not given by statute to other trial courts.

5    10.   A substantial part of the events giving rise to the claims sued upon herein
6    occurred in Alameda County, California.

7    11.   As alleged below, Defendant knew that Plaintiff's residence and domicile were
8    in Alameda County, California and she intentionally committed wrongs against Plaintiff in
9    Alameda County, California.

10   12.   Likewise, on information and belief, each Defendant knew Plaintiff was lived in
11   Alameda County, Jose, California.

12   13.    On information and belief, Defendant intentionally directed her conduct in order
13   to cause harm to Plaintiff in Alameda County, California.

14   14.   Therefore, venue lies in the Northern District of California pursuant to  28
15   U.S.C. § 1391(b)(2), and this court's exercise of jurisdiction in this case is reasonable and
16   appropriate.

### FACTUAL ALLEGATIONS

18   15.   Plaintiff is a business owner in Oakland.   Plaintiff runs a successful non-profit
19   foundation helping developmental disabled adults by providing them with independent and
20   supported living skills.  Through his non-profit foundation, Plaintiff employees between 140 to
21   140 to 150 employees at one time.

22   16.   Sometime in April of 2022, Plaintiff and Defendant met on a dating site called
23   "plenty of fish" and started a long distance causal relationship.  Plaintiff and Defendant's
24   relationship ended on or about March 18, 2024.

25   17.   Plaintiff and Defendant visited each other in California and Texas.  Plaintiff and
26   Defendant would fly to California and/or Texas every weekend or every other weekend.

27   18.   On or about March 1, 2024, with the knowledge that Plaintiff resided in this
28

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

1  District at that time, Defendant, without Plaintiff's consent or knowledge, hacked Plaintiff's
2  phone, email accounts, and online profiles on various social media platforms, such as
3  Instagram, Plenty-of-Fish ("POF") https://www.pof.com/, Skout https://www.skout.com/, and
4  gained access to Plaintiff's private information, business information, private photographs of
5  Plaintiff, Plaintiff's family and other third parties.  In addition, Defendant gained access to
6  private photographs and videos of Plaintiff in sexually explicit positions.  Defendant
7  downloaded explicit nude videos and pictures of third parties that was privately shared with
8  Plaintiff. On March 1, 2024, Defendant acknowledged to Plaintiff that she had hacked his
9  phone, as she had 18 months earlier while Plaintiff and Defendant were in Vegas, and had
10 obtained his private information as she threatened to broadcast the pictures, videos and private
11 conversation on social media, California.  As Plaintiff and Defendant's fight escalated when
12 Defendant pulled a guy on Plaintiff, Plaintiff flew home to California.
13    19.   On or about March 18, 2024, Plaintiff and Defendant's relationship completely
14 deteriorated when Defendant discovered that Plaintiff was also seeing another woman. Since
15 March 18, 2024, Defendant has been contacting Plaintiff's social media friends, friends, and
16 employees.
17    20.   As of March 8, 2024, and on daily basis since, with the knowledge that Plaintiff
18 resided in this District at that time, Defendant has posted or streamed to Plaintiff's social circle,
19 distributed the photographs, videos, or personal private information including the explicit video
20 of Plaintiff and other third Parties. On information and belief, starting March 18, 2024,
21 Defendant sent texts messages and/or shared private information of Plaintiff to Plaintiff's
22 employees accusing Plaintiff of rape, physical abuse, and drug use.  Since March 18, 2024,
23 Defendant has gone live online or posted through Instagram, POF, and Skout that Plaintiff
24 falsely alleging that Plaintiff raped her, has drugged her, and has physically abused her.
25 Defendant taken the personal, private information, such as explicit pictures, and videos of
26 Plaintiff and other third parties, which Plaintiff and others had a right to privacy, and has shared
27 this information live on  such platforms as Instagram Live, Skout, and POF.  Defendant has
28 shared Plaintiff's private, photographs, Plaintiff's e-mail and social media accounts contained

personal and private information including but not limited to, estate planning, attorney-client communications, financial information, e-mails from loved ones, and business-related conversations.

21. On or about October 9, 2023, Plaintiff discovered all of his social media accounts, including but not limited to Instagram, e-mails, and phone, had been hacked by Defendant, had been deleted, and his server password had been changed. When Plaintiff tried to log in to his account, a message appeared on his screen stating, "You can't access this site right now…On May 7, 2023, you requested that your security info be replaced." The plaintiff had never requested that his profile be replaced.

22. Plaintiff alleges on information and belief that DEFENDANT hacked Plaintiff's email server with the intent of gaining Plaintiff's personal information to destroy his business enterprises, defame his reputation and cause him immediate and irreparable harm.

23. On or about March 26, 2024, Plaintiff, through his attorney, issued a cease and desist letter, at true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by this reference.

### FIRST CAUSE OF ACTION
Intrusion Into Private Affairs
(Against All Defendants)

24. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 23 as though the same were set forth at length herein.

25. Plaintiff had a reasonable expectation of privacy in his e-mail account. Defendant intentionally intruded by changing Plaintiff's e-mail account information and reviewing and deleting his e-mails.

26. Defendant's intrusion would be highly offensive to a reasonable person. Plaintiff was harmed, and Defendant's conduct was a substantial factor in causing Plaintiff harm.

///

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

**SECOND CAUSE OF ACTION**
Injunctive Relief
(Against All Defendants)

27. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 26 as though the same were set forth at length herein.

28. Defendants will continue to interfere with Plaintiff's e-mail services and social media accounts and continue to post illicit videos and pictures of Defendant, unless and until she is enjoined and restrained by Order of this Court, will cause great and irreparable harm to Plaintiff. Furthermore, Plaintiff has no adequate remedy at law in that Defendants will have successfully and irretrievably discovered Plaintiff's personal information.

**THIRD CAUSE OF ACTION**
Online Harassment Under C.C.P. Section 527
(Against All Defendants)

29. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 28 as though the same were set forth at length herein.

30. Under Code of Civil Procedure § 527.6, Plaintiff is entitled to an order enjoining Defendants from all further acts of harassment, and to an award of attorney's fees.

**FOURTH CAUSE OF ACTION**
Intentional Infliction of Emotional Distress
(Against All Defendants)

31. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 30 as though the same were set forth at length herein.

32. Defendant undertook their campaign of harassment with the intention to cause, in reckless disregard of the likelihood of causing, emotional distress. Defendant's campaign of harassment against Plaintiff constitutes outrageous conduct and exceeds all bounds usually tolerated by a decent society.

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

33. By its campaign of harassment, Defendant has caused Plaintiff severe emotional suffering and distress. Accordingly, Defendants are liable for actual damages and punitive damages.

**FIFTH CAUSE OF ACTION**
California Comprehensive Data Access And Fraud Act
(Against All Defendants)

34. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 33 as though the same were set forth at length herein.

35. Defendant violated the California Comprehensive Data Access and Fraud Act, Cal. Penal Code 502, referred to as "CCCL" by knowingly and without permission accessing, taking and using Plaintiff's personally identifiable information.

36. Defendant accessed, copied, used, made use of, interfered with, and/or altered data belonging to Plaintiff: (1) in and from the State of California; (2) in the states in which the Plaintiff is domiciled; and (2) in the states in which the servers that provided services and communication links between Plaintiff and other websites with which he interacted or were located.

37. Cal. Penal Code § 502 provides:

"For purposes of bringing a civil or a criminal action under this section, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction."

38. Defendant has violated :

i. California Penal Code § 502(c)(1) by knowingly and without permission altering, accessing, and making use of Plaintiff's personally identifiable data in order to execute a scheme to defraud consumers by utilizing and profiting from the sale of their personally identifiable data, thereby depriving them of the value of their personally identifiable data.

ii. California Penal Code § 502(c)(6) by knowingly and without permission providing, or assisting in providing, a means of accessing Plaintiff's computer systems and/or computer networks.

  iii. California Penal Code § 502(c)(7) by knowingly and without permission accessing, or causing to be accessed, Plaintiff's computer systems, email accounts and/or computer networks.

39. As a direct and proximate result of Defendant's unlawful conduct within the meaning of California Penal Code § 502, Defendant has caused loss to Plaintiff in an amount to be proven at trial. Plaintiff is also entitled to recover their reasonable attorney's fees pursuant to California Penal Code § 502(e). Plaintiff is entitled to punitive or exemplary damages pursuant to Cal. Penal Code § 502(e)(4) because Defendant's violations were willful and, upon information and belief, Defendant is guilty of oppression, fraud, or malice as defined in Cal. Civil Code § 3294. 121. Plaintiff has suffered irreparable injury from these unauthorized acts of disclosure to wit: all of their personal, private, and sensitive web communications have been harvested, viewed, accessed, stored, and used by Defendant, and have not been destroyed, and due to the continuing threat of such injury, have no adequate remedy at law, entitling Plaintiff to injunctive relief.

**SIXTH CAUSE OF ACTION**
California Invasion of Privacy Act
(Against All Defendants)

40. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 39 as though the same were set forth at length herein.

41. California Penal Code § 631(a) provides, in pertinent part:

> "Any person who ... willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to lawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine not exceeding two thousand five hundred dollars ..."

42. Communications from the California-based web entities to Plaintiff were sent from California. Communications to the California-based web entities from Plaintiff were sent to California. Plaintiff did not consent to any of Defendant's actions in intercepting, reading, and/or learning the contents of their communications with such California-based entities.

43. Plaintiff did not consent to any of the Defendant's actions in using the contents of their communications with such California-based entities. Defendant directly participated in the interception, reading, and/or learning of the contents of the communications between Plaintiff and California-based web entities. Plaintiff has additionally suffered loss by reason of these violations, including, without limitation, violation of the right of privacy and deprivation of the loss of value in their personally identifiable information. Wherefore, Plaintiff seeks damages and injunctive relief.

**SEVENTH CAUSE OF ACTION**
Defamation
(Against All Defendants)

44. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 43 as though the same were set forth at length herein.

45. Defendants' posts and other social media were seen or read by hundreds or thousands of others on the Internet, and constitute publication under the law.

46. Defendant's posts that Plaintiff "rapped Plaintiff", "physically abused Plaintiff", "drugged Plaintiff" and sharing his personal private information and personal and private information of third parties Defendant obtained, without the consent or knowledge of Plaintiff, are false and have a natural tendency to injure the reputation and financial interests of Plaintiff and other third parties.

47. Specifically, Defendants' accusations that Plaintiff "rapped" "physically abuse" and/or "drugged Plaintiff" or that Plaintiff uses drugs were false and defamatory. To state that someone is a rapist, physical abuser and or uses illegal drugs puts them to scorn by the

1  community. Defendant's false accusations is synonymous with a criminal conduct, with the exploitation of women and vulnerable communities, and is also a crime in many jurisdictions.

48. Defendants' false accusations that Plaintiff is a rapist, physical abuser and or uses illegal drugs, were false. They also had a natural tendency to injury Plaintiff's reputation and business interests. Defendants' false statements that Plaintiff is a rapist, physical abuser and or uses illegal drugs were made with knowledge of their falsehood.

49. Plaintiff is informed and believes and based thereon alleges that even though he is not a "public official" or "public figure" (and thus a showing of "actual malice" is not required by the First Amendment), that Defendants nevertheless made the aforementioned statements either knowing they were false or in reckless disregard of the truth and with actual malice, hatred and ill will.

50. As a direct and proximate result of Defendants' conduct alleged herein, Plaintiff has suffered general and special damages including, without limitation, harm to his reputation, emotional distress, lost earnings, and other pecuniary loss, all of which are in excess of $75,000.

### EIGHTH CAUSE OF ACTION
Stalking Under California Civil Code Section 1708.7
(Against All Defendants)

51. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 50 as though the same were set forth at length herein.

52. Defendant engaged in a pattern of conduct the intent of which was to follow, alarm, place under surveillance, or harass Plaintiff, as alleged above.

53. As a result of Defendant's pattern of conduct, Plaintiff reasonably feared for his safety.

54. As a result of Defendant's pattern of conduct, Plaintiff reasonably suffered substantial emotional distress.

55. As a result of Defendant's negligence, Plaintiff was injured.

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

56. Defendant, as a part of her pattern of conduct, made a credible threat with the intent to place Plaintiff in reasonable fear for his safety.

57. Defendant, as a part of his pattern of conduct, made a credible threat with reckless disregard for the safety of Plaintiff.

58. On at least one occasion, Plaintiff clearly and definitively demanded that Defendant cease and abate her pattern of conduct and Defendant persisted in her pattern of conduct.

## NINTH CAUSE OF ACTION
Intentional Interference with Business Relations
(Against All Defendants)

59. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 58 as though the same were set forth at length herein.

60. By Defendant texting Plaintiff's employees, Defendant created a disruption of Plaintiff's business. The disruption described above was intentional and with the intent to harm Plaintiff financially and to induce Plaintiff's employees to sever their business relationship with Plaintiff.

61. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged, in an amount according to proof, including, but not limited to:  lost profits, goodwill and clients; and other and further damages consequent to the above-described interference, according to proof.

62. The acts of Defendant were undertaken for improper purposes, as alleged above, and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of Plaintiff' rights, and were designed and intended to cause and did, in fact, cause Plaintiff to suffer economic injury and therefore justify the awarding of substantial exemplary and punitive damages.

/ / /

**TENTH CAUSE OF ACTION**
Negligent Interference with Business Relationship
(Against All Defendants)

63. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 62 as though the same were set forth at length herein.

64. As a direct, proximate and foreseeable result of Defendant's acts, Plaintiff has lost profits, goodwill, and has incurred substantial expense including attorney's fees.

**ELEVENTH CAUSE OF ACTION**
Negligence
(Against All Defendants)

65. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 64 as though the same were set forth at length herein.

66. In committing the acts heretofore alleged, the Defendants were negligent and careless of the probability that their acts would cause Plaintiff' the loss of business, clients and profits, among other things.

67. As a direct, proximate and foreseeable result of the Defendant's acts, Plaintiff has lost profits, goodwill, and has incurred substantial expense including attorney's fees.

**TWELFTH CAUSE OF ACTION**
Stored Communications Act
(Against All Defendants)

68. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 67 as though the same were set forth at length herein.

69. The ECPA broadly defines an "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Porter v. Rouzeau*
USDC-NDCA Case No. TBD
- 12 -

interstate or foreign commerce. ... " 18 U.S.C. § 2510(12). The Stored Communications Act (the "SCA") incorporates this definition.

70. The SCA mandates, among other things, that it is unlawful for a person to obtain access to stored communications on another's computer system without authorization. 18 U.S.C. § 270l.

71. Congress expressly included provisions in the SCA to address this issue so as to prevent "unauthorized persons deliberately gaining access to, and sometimes tampering with, electronic or wire communications that are not intended to be available to the public." Senate Report No. 99-541, S. REP. 99-541, 35, 1986 U.S.C.C.A.N. 3555,3589.

72. Defendant has violated 18 U.S.C. § 2701(a)(l) because it intentionally accessed Plaintiff's email communications without authorization and obtained, altered, or prevented authorized access to a wire or electronic communication while in electronic storage by hacking into Plaintiff's external email accounts and, once obtaining access without the consent of Plaintiff obtaining the contents of email communications in electronic storage and storing the contents of those emails on servers or other electronic devices belonging to Defendant.

73. As a result of Defendant's conduct described herein and its violation of 18 U.S.C. § 2701, Plaintiff has suffered injuries. Plaintiff seeks an order enjoining Defendant's conduct described herein and awarding Plaintiff statutory and punitive damages available under 18 U.S.C. § 2707.

**THIRTEENTH CAUSE OF ACTION**
Violation Of Computer Fraud And Abuse Act Under 18 U.S.C. § 1030
(Against All Defendants)

74. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 73 as though the same were set forth at length herein.

75. 18 U.S.C. § 1030(a)(2) states, inter alia, that it is unlawful to intentionally access a computer without authorization and obtain information from any protected computer.

76. U.S.C. § 1030(a)(6) states, inter alia, that it is unlawful to knowingly and with intent to defraud traffic a password or similar information through which a computer may be accessed without authorization, if such trafficking affects interstate or foreign commerce.

77. 18 U.S.C. § 1030(a)(5)(A) establishes a civil cause of action for victims of computer fraud and abuse where an individual "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer."

78. Defendant accessed Plaintiff's phone, email accounts and social media accounts without authorization. Plaintiff's phone, email accounts, and social media accounts each constitute a "computer" within the meaning of 18 U.S.C. § 1030(e)(1).

79. The "computers" identified above were used in interstate commerce or communication and were, accordingly, "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

80. Defendants knowingly caused "the transmission of photographs, private videos, private personal information, or command targeted" at protected computers, within the meaning of 18 U.S.C. § 1030(a)(5)(A).

81. As a result of such conduct, Defendants intentionally caused damage, without authorization, to these protected computers in violation of 18 U.S.C. § 1030(a)(4) or § 1030(c)(2)(iii).

82. 18 U.S.C. § 1030(a)(5)(C) establishes a civil cause of action for victims of computer fraud and abuse where an individual "intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss."

83. Defendants intentionally accessed protected computers without authorization, and as a result of such conduct, have caused damage.

84. As set forth previously herein, Plaintiff has been damaged in a variety of ways, and has suffered extensive losses, due to the misconducts by Defendants.

85. Moreover, Plaintiff will suffer irreparable harm if Defendants are not permanently enjoined from ny further attempts to recover or exert control over Plaintiff's servers.

86. Defendants' conduct is in violation of, inter alia, 18 U.S.C. § 1030(a)(5)(A) and (C). Pursuant to 18 U.S.C. § 1030(g), "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."

### FOURTEENTH CAUSE OF ACTION
Civil Harassment in Violation of C.C.P. § 527.6
(Against All Defendants)

87. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in the preceding paragraphs 1 through 86 as though the same were set forth at length herein.

88. Defendants' wrongful conduct, as alleged hereinabove, though not threatening violence, nevertheless was "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." As such, such misconduct constitutes civil harassment, under C.C.P. § 527.6(b), as well as, misdemeanor crime, under Penal Code §§ 653 and 653.2. Stated otherwise, the "course of conduct [was] such as would cause a reasonable person to suffer substantial emotional distress, and [did] actually cause substantial emotional distress to the [Plaintiff]" as required by C.C.P. § 527.6(b).

89. As alleged herein, Plaintiff did, in fact, suffer severe emotional distress as a direct consequence of Defendants' harassment.

90. As a direct and proximate consequence of Defendants' harassment alleged herein, Plaintiff has been generally, specially, and consequentially damaged in the amount to be established according to evidence.

91. Under C.C.P. § 527.6(r), Plaintiff is entitled to an award of the attorney's fees that she incurs to prosecute an action seeking an injunction pursuant to C.C.P. § 527.6.

92. The aforementioned civil harassment was committed willfully and intentionally, and by means of oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of exemplary or punitive damages under Civil Code § 3294, in an amount to be established at trial, in order to meaningfully punish Defendant, and to thereby deter similar conduct by them in the future.

93. Defendant's harassment alleged herein, unless enjoined by a preliminary injunction order and a permanent injunction judgment of this (or in the alternative, statutory temporary restraining order and three-year injunction under C.C.P. § 527.6) will continue to cause great and irreparable injury to Plaintiff. As such, Plaintiff has no adequate remedy at law for injuries that she is currently suffering, and are threatened to be suffered from Defendants' harassment and illegal conduct.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all causes of action and issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment, relief, decree and order against Defendants as follows:

1. For a preliminary and permanent injunction prohibiting Defendant from posting or otherwise using the photographs and videos;

2. For compensatory damages in an amount to be proven at trial, but in no case less than the jurisdictional minimum of this Court;

3. For statutory damages under California Penal Code Sections 502, 528.5 and California Civil Code Section 1708.7.

4. For Punitive damages under California Civil Code section 3294 and California Penal Code sections 502(e)(4), 528.5 and California Civil Code Section 1708.7;

5. For attorney's fees under California Penal Code sections 502(e)(4), 528.5 and California Civil Code section 1708.7;

6. For costs of suit incurred herein;

7. For interest on the sum of the compensatory, statutory, and punitive damages; and

8. For such other an further relief as the Court deems just and proper.

Dated: March 29, 2024					LAW OFFICES OF VERNON C. GOINS


							/s/ Vernon C. Goins II
							_____
							VERNON C. GOINS II
							Attorneys for Plaintiff
							ROBERT L. PORTER, JR.